LODGED
CLERK, U.S. DISTRICT COURT
MAY 10 2005
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
JUN 1 2005
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

ENTERED
CLERK, U.S. DISTRICT COURT
JUN - 9 2005
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

JS6-SEND

ENT

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAUL ERIC ANTOINE, CDC# K-76515 PLAINTIFF(S) v. LATHAM & WATKINS (INDIVIDUAL), ET AL. DEFENDANT(S). | CASE NUMBER CV 05-03496 (PJW) **ORDER RE LEAVE TO FILE ACTION WITHOUT PREPAYMENT OF FULL FILING FEE** |

**IT IS ORDERED** that the complaint **be filed** without prepayment of the full filing fee.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 1915, the prisoner-plaintiff owes the Court the total filing fee of $250.00. An initial partial filing fee of $_________ must be paid within thirty (30) days of the date this order is filed. Failure to remit the initial partial filing fee may result in dismissal of your case. Thereafter, monthly payments shall be forwarded to the Court in accordance with 28 U.S.C. §1915.

Date ______________ United States Magistrate Judge ______________

**IT IS RECOMMENDED** that the request of prisoner-plaintiff to file the action without prepayment of the full filing fee be **DENIED** for the following reason(s):

- ☐ Inadequate showing of indigency
- ☐ Failure to authorize disbursements from prison trust account to pay filing fee
- ☐ Failure to provide certified copy of trust fund statement for the last six (6) months.
- ☐ District Court lacks jurisdiction
- ☐ Immunity as to ______________
- ☒ Legally and/or factually patently frivolous
- ☐ Other: ______________

Comments: See attached memo

Date 5/19/05

Patrick J. Walsh
United States Magistrate Judge

IT IS ORDERED that the request of prisoner-plaintiff to file the action without prepayment of the full filing fee is:
☐ GRANTED ☒ DENIED (See comments above).

Date 5/25/05

[signature]
United States District Judge



2

Dockets.Justia.com

In 1999, Plaintiff, a prisoner in California state prison, brought a civil rights action against various prison employees alleging that they violated his constitutional rights. *See Paul Eric Antoine v. Carl Terhune, et al.*, 99 CV 2299 SVW (CT). Latham and Watkins attorneys agreed to represent Plaintiff *pro bono*. Prior to trial, the case was settled. Plaintiff later filed a motion to undo the settlement, claiming the settlement was unfair, which was denied by the district court. Plaintiff appealed the district court's decision and the Ninth Circuit dismissed his appeal. Thereafter, the case was closed.

Plaintiff brings this action against the Latham and Watkins attorneys who represented him and the Assistant Attorney General who represented defendants claiming that they violated his constitutional rights in the previous case when they agreed to settle his case. He alleges he has uncovered new evidence supporting these claims.

Plaintiff's claims have already been presented to the district court and the Ninth Circuit and have been dismissed. He cannot now file a new action attacking the result in that case. Assuming he has really obtained new evidence, Rule 60 allows him a vehicle for presenting that new evidence to the district court and requesting that the case be reopened.